IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICIT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBIN BELL, | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| GENERAL MOTORS, L.L.C., | § | |
| | § | |
|     Defendant | § | |

**COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

I.   PARTIES

1. Bell is an individual who resides in Tarrant County, Texas.  General Motors, L.L.C. ("GM") is a manufacturer of automobiles.

II.   SERVICE OF PROCESS

2. GM may be served by delivering a copy hereof together with summons, to its registered agent for service of process, Corporation Service Company, d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Austin, Texas 78701.

III.   JURISDICTION

3. (a)   Subject Matter

Jurisdiction arises in this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because the case arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101.

(b)   *In Personum*

1

In personum jurisdiction over GM lies in the Fort Worth Division of the Northern District of Texas because GM has a facility in that district and division.

## IV.   VENUE

4. Venue lies in the Fort Worth division of the Northern District of Texas pursuant to 28 U.S.C. § 1391 (b) (2) because this is a district and division where a substantial part of the events or omissions giving rise to the litigation occurred.

## V.   FACTS

5. GM constructively terminated Bell on July 28, 2019.  Because it was a true constructive termination, the law treats it as the equivalent of a wrongful termination.  Bell was forced by GM to resign because agents of GM asked her to return to work, and she did not believe she was medically able to do so.  Because she is a nurse, she would be in a better position than GM to make this determination.

6. Bell is a registered nurse.  Her job was to provide emergency nursing services to GM employees.  Bell worked for GM for 7 years and had good reviews.  Bell was well qualified for this job. She has a Masters Degree in Nursing from Chamberlain University in Chicago.  The agents of GM who perpetrated the constructive termination were Carla Offutt and Elizabeth Wright.  GM is liable for the misconduct of Offutt and Wright under the doctrine of *respondeat superior.*

7. As a consequence of the misconduct of GM and its agents, Bell has major depression and anxiety.  Moreover, because of the wrongful termination, Bell had her health insurance terminated by GM and thus has not be able to treat it.

8. Bell received her right to sue letter from the Equal Employment Commission on February 26, 2020. Thus, this suit is timely and Bell has exhausted her administrative remedies.

VI.   CAUSES OF ACTION

9. Bell restates the paragraphs above. The conduct of GM constitutes a violation of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101. A valid claim under the ADA requires (1) that Bell had a "disability" as the term is defined in the ADA; (2) that she was well qualified for the job; and (3) an adverse employment decision was made because of her disability. *See McDowell v. Home Depot U.S.A., Inc.*, 126 F. App's 168, 170 (5th Cir.). Requirement No. 1 is satisfied as a matter of law; requirement No. 2 was pleaded in paragraph 6; and requirement No. 3 is satisfied by the wrongful constructive termination.

VII.   COMPENSATORY DAMAGES

10. Bell has suffered compensatory damages of two types: (1) back pay; and (2) emotional distress, mental anguish, and reduced ability to enjoy life. The back pay is at least $70,000 as of now. The damages for mental anguish, anxiety, and reduced ability to enjoy life are inherently unliquidated, and will be subject to the discretion of the jury. They are expected, in any event, to amount to $200,000. Bell requests judgment for both of these types of compensatory damages.

VIII.   EXEMPLARY DAMAGES

11. Because the conduct of GM was malicious, intentional, or at least grossly negligent, Bell will be entitled to an award of exemplary damages. Bell requests judgment for

exemplary damages in the maximum amount allowed by Tex. Civ. Prac. & Rem Code § 41.001, *et. seq.*

## IX.     ATTORNEYS' FEES

12. The federal statute cited above allows for the recovery of attorneys' fees. Bell requests attorneys' fees through the jury trial in the amount of $100,000; in the event of an appeal to the court of appeals, an additional $80,000; and, in the further event of an attempt at review in the Supreme Court of the United States, Bell will be entitled to a further award of attorneys' fees of $100,000. Bell requests judgment for these attorneys' fees.

## X.     PRAYER

WHEREFORE, Bell prays: (1) that GM be served and required to answer or otherwise suffer default; (2) that Bell be awarded all compensatory damages requested hereinabove; (3) that Bell have recovery of all exemplary or punitive damages requested hereinabove in order to deter GM and other persons or entities of similar ilk from engaging in such outrageous conduct in the future; (4) that Bell have judgment for the reasonable and necessary attorneys' fees requested hereinabove; (5) that Bell recover her costs of suit and all pre-judgment and post-judgment interest allowable by law; and (6) that Bell recover such other and further damages, whether general or special, at law or in equity to which she may show herself to be justly entitled.

## XI.     JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b), Bell demands a trial by jury on all issues.

Respectfully submitted,

By/s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON
P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel.    (214)478-0152
Fax:    (214)481-1878
Web    www.boydstap.com

5